Adam I. Gafni, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff, VINCENT K. TYLOR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VINCENT K. TYLOR,<br><br>Plaintiff,<br><br>v.<br><br>DLS TRANSPORTATION INC., a California Corporation; AMERIGO NAAMI; and DOES 1 through 10<br><br>Defendants. | **Case No.: 8:15-cv-00957**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Vincent K. Tylor ("Plaintiff" or "Mr. Tylor"), by and through his attorneys of record, alleges against DLS Transportation, Inc. (hereinafter "DLS Transportation"); Amerigo Naami; (hereinafter collectively "Defendants") and DOES 1 through 10 as follows:

## I.
## THE PARTIES

1. Mr. Tylor is a resident of the State of Hawaii and an acclaimed photographer specializing in landscapes of Hawaii. Mr. Tylor's photographs are copyrighted images.

2. Plaintiff operates the website www.hawaiianphotos.net and regularly sells

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

his copyrighted images across the United States, including in Hawaii and California. Plaintiff works vigorously, through sending DMCA notices as well as cease and desist letters, to protect his copyrighted images.

3. Plaintiff is informed and believes that Defendant DLS Transportation is a California corporation with its principal place of business in Laguna Niguel, California.

4. Plaintiff is informed and believes that Defendants DLS Transportation and Amerigo Naami own, manage, supervise, and/or control commercial websites including, *inter alia*, http://dlsaviation.com/ (and associated sub-Uniform Resource Locators (URLs)), (hereinafter the "Website"). On the Website, customers can view information on DLS Transportation's services relating to its private luxury jet charter business.

5. Plaintiff is informed and believes that Defendants use the Website to advertise, market, and promote its charter jet business in order to maintain and generate business and profit.

6. Plaintiff does not presently know the true names and capacities of the Defendants named as DOES 1 through 10 and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants."

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

7. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.

## JURISDICTION AND VENUE

8. This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the Copyright Act of the United States, as amended, 17 U.S.C § 101 *et seq.*

9. ***Subject Matter Jurisdiction.*** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

10. ***Venue.*** Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400(a).

11. ***Personal Jurisdiction***. Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants operate commercial businesses headquartered within this judicial district and/or through which Defendants knowingly, systematically, and continuously transact business and enter into

contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; operate websites that are accessible to and accessed by residents in the State of California and those within this judicial district; the copyright infringement that gave rise to this law suit occurred within this judicial district, or otherwise have sufficient contacts with the State of California.

12. Plaintiff is informed and believes that Defendants, and those in control of dlsaviation.com, have had at relevant times and/or continue to have, technical and/or administrative operations in California, within this judicial district, such that the complained of conduct was directed or controlled from this judicial district.

13. Plaintiff is informed and believes that Defendants have provided, and/or continue to provide private jet charter services to businesses and individuals in California.

### III.
### FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

15. Plaintiff is an acclaimed photographer.

16. Plaintiff is informed and believes that the Defendants manage and control the commercial website www.dlsaviation.com where Defendants offer charter jet services.

17. The photographic work at issue in this case (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office.

4
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

18. The Photograph was created by Mr. Tylor, who owns the copyright to the work. Specifically, the copyright number and name is as follows:

    (1) Reg. No. VT-VA0001759562-O-06; Hanauma Bay Wide Web-LG

19. The Photograph was not a "work for hire."

20. Plaintiff has incurred substantial time and expense in creating the Photograph.

21. Within the last three years, Plaintiff discovered that Defendants unlawfully copied, displayed, and distributed his registered Photograph without a license on its commercial website and potentially other locations to advertise, market, and promote its services.

22. Plaintiff is informed and believes that Defendants, without authorization or permission from Plaintiff, unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photograph to a global audience on the World Wide Web via the Websites on at least the following URL/links:

    http://dlsaviation.com/hawaii-limousine-tour.htm
    http://dlsaviation.com/packages-limousine-private-jets.htm
    http://dlsaviation.com/images_banner/hawaii_beach.jpg

    An example of Defendants infringing use is attached hereto as Exhibit 1.

23. Plaintiff is informed and believes that Defendants commenced use of the Photograph after the Photograph had been registered with the United States Copyright Office.

24. At all relevant times, Defendants did not have a license or permission to use, display, distribute, copy, and/or reproduce the Photograph.

25. Plaintiff is informed and believes that Defendants copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly

5

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

displayed and distributed the Photograph with actual and/or constructive knowledge, that they did not have consent and/or a license to use the Photograph in the manner in which it was used in willful violation of Plaintiff's copyrights.

26. Plaintiff is informed and believes that Defendants unlawful copying/reproduction, uploading/downloading or causing to be uploaded/downloaded, public display and distribution of the Photograph to a global audience on the World Wide Web via the Websites constitutes direct copyright infringement.

27. Plaintiff is informed and believes that Defendant, Amerigo Naami had the capacity and opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Website and continues to have such capacity.

28. Plaintiff is informed and believes that Defendant Amerigo Naami is the dominant influence in the corporation, has the power to control its actions, engaged in the infringing activities herein, and determined the policies which resulted in the infringement. Plaintiff is informed and believes that Defendant Amerigo Naami obtained profit from his infringing activities alleged herein.

29. Plaintiff is further informed and believes that Defendants continue to display and distribute the Photograph on at least the following links after receiving actual knowledge of the infringement by way of a cease-and-desist letter they received from Plaintiff containing the infringing links.

http://dlsaviation.com/packages-limousine-private-jets.htm
http://dlsaviation.com/images_banner/hawaii_beach.jpg

30. The Photograph was used by Defendants knowingly and recklessly in violation of Plaintiff's rights without obtaining a license or consent from

6
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff and thereby violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106 and § 501.

31. Plaintiff is informed and believes Defendants have the right and ability to control, supervise, monitor and direct the websites wherein the infringing activity occurs.

32. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic work, willfully infringing, and causing irreparable damages to Plaintiff for which he has no adequate remedy of law.

33. Defendants' unlawful use of copies of Plaintiff's original photographic work has diminished the value of the original photographic work by distributing and encouraging redistribution of the photographic work without identifying the photographic work as being the exclusive property of Plaintiff.

34. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic work, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

## IV.
## COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 106 and 501

35. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

36. Plaintiff owns all rights, titles, and interests in and to the copyright for the Photograph, the use of which has not been licensed to Defendant.

37. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. and 501 et seq. (the "Copyright Act"), Plaintiff has the distinct,

severable, and exclusive rights, inter alia, to reproduce, distribute and publicly display the Photograph.

38. Defendants misappropriated Plaintiff's copyrights in the Photograph through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the image on their commercial Websites.

39. Defendants misappropriated Plaintiff's copyrights in the Photograph with actual and/or constructive knowledge that the Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph.

40. Defendants' conduct constitutes willful direct infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et seq. and 501 et seq.).

41. Defendants, by their unauthorized appropriation and use of Plaintiff's original Photographs, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original Photographs.

42. Because Defendants used Plaintiff's copyrighted Photographs without a license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publication and any improperly acquired likeness or images (however stored or recorded) impounded while this action is pending.

43. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

suffered and continues to suffer lost profits and damages.

44. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to relief, including but not limited to damages, including attorney's fees he has and will sustain, pre-judgment interest, and any gains, profits and advantages obtained by Defendants as a result of the infringing acts alleged above. Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendants' acts of copyright infringement, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for the infringement of his copyrights alleged herein of up to $150,000.00 per infringement.

45. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

3. For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act.

4. For prejudgment interest.

5. For attorneys' fees and costs.

6. For preliminary and permanent injunctive relief from ongoing

infringing activities, including, but not limited to:

    a.    enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

    b.    the seizure of all property made in, or used to assist in the, violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph.

7. For such other and further relief as this Court deems just and appropriate.

Dated: June 16, 2015                            LAW OFFICES OF ADAM I. GAFNI

                                                              By: /s/ Adam I. Gafni
                                                              Adam I. Gafni
                                                              Attorney For Plaintiff
                                                              VINCENT K. TYLOR

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

1
2  Dated: June 16, 2015						LAW OFFICES OF ADAM I. GAFNI
3
4
5								By: /s/ Adam I. Gafni
								Adam I. Gafni
6								Attorneys For Plaintiff
7								VINCENT K. TYLOR
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                                          11
**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**