Adam I. Gafni, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com

Attorneys for Plaintiff, VINCENT K. TYLOR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| VINCENT K. TYLOR,<br><br>Plaintiff,<br><br>v.<br><br>DLS TRANSPORTATION INC., a California Corporation; AMERIGO NAAMI; and DOES 1 through 10<br><br>Defendants. | **Case No.: 8:15-cv-00957**<br><br>Assigned to the Honorable Josephine L. Staton<br><br>**JOINT STATUS REPORT OF PLAINTIFF AND DEFENDANTS PURSUANT TO RULE 26(f) AND THIS COURT'S ORDER**<br><br>**Conference Hearing Date: 12/4/2015<br>Time: 1:30 p.m.** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Requiring Joint Status Report, Plaintiff, VINCENT KHOURY TYLOR ("Plaintiff") and Defendant DLS TRANSPORTATION INC. and Defendant AMERIGO NAAMI, ("collectively Defendants") jointly submit this Status Report.

# I.

# RULE 26(f) REQUIREMENTS

(Per Rule 26(f) and this Court's Order Requiring Joint Status Report)

**A. Statement of the Case:**

<u>Plaintiff's Position</u>: This is a copyright infringement action brought by Plaintiff, Vincent Khoury Tylor, a well-known photographer of Hawaiian landscapes, who discovered that DLS Transportation was using his copyrighted Photograph on their commercial website. The Photograph was being used by Defendants to advertise on their website, generating sales, and profits. Plaintiff's image was registered at the time of infringement commencing.

Plaintiff attempted to avoid this lawsuit by sending multiple notices to DLS Transportation and NAAMI, to no avail. By letter dated November 7, 2013, Plaintiff gave notice to Defendants together with a demand to cease and desist the unlawful use of Plaintiff's copyrighted images on its website http://www.dlsaviation.com. Nevertheless, the infringing image remained on Defendants' website, available on multiple links. By letter dated April 23, 2014, Plaintiff sent another notice to Defendant together with a demand to cease and desist the unlawful use of his Photograph. The links were not removed. To date, despite even further communications, and discussions with Defendants' counsel, one of the links remains active at:

http://dlsaviation.com/images_banner/hawaii_beach.jpg, as of the drafting of this report (11/6/2015) nearly two years after first putting Defendant on notice of its infringing use. No offer of settlement was been forthcoming and, as such, Plaintiff was left with little choice but to file the instant lawsuit for direct and willful copyright infringement.

C6B2494E.docx 2
**JOINT STATUS REPORT OF PLAINTIFF AND DEFENDANTS PURSUANT TO RULE 26(f) AND THIS COURT'S ORDER**

Defendant's Position:

Defendants deny the allegations of Plaintiff's Complaint, deny that there has been any infringement of Plaintiff's rights, and deny that Plaintiff has been damaged in any way as a result of the acts and/or omissions of Defendants. Defendants further claim that Plaintiff's allegations relate to conduct of third-parties over which Defendants had and have no control.

## B. Subject Matter Jurisdiction:

This action arises under the provision of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et. seq., and is for infringement of copyrights registered in the Copyright Office of the United States. Therefore, this court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

## C. Legal Issues:

This is a copyright infringement case. Plaintiff believes that the key legal issues are the ownership of the copyrights in question, the date of registration of the copyrighted images, damages, the extent of Defendants' infringing activity, knowledge of the contributing actions to the infringing activity, and the ability to control said activity and derive a direct financial benefit therefrom. Defendants believe that the key legal issues include those identified by Plaintiff, as well as the validity and enforceability of the purported copyrights, Plaintiff's standing to assert the purported copyrights, whether any infringement has occurred, and the extent of Plaintiff's harm or damages, if any.

## D. Damages:

Plaintiff is seeking damages for willful direct and secondary copyright infringement up to the statutory maximum of $150,000.00.

E. **Insurance:**

Defendants have tendered the defense to the insurance carrier and have not received any confirmation of a defense and/or reservation of rights at this time.

F. **Motions:**

Plaintiff intends to file a motion for summary judgment as to liability. Defendants also anticipate filing a motion for summary judgment as to liability.

G. **Manual for Complex Litigation:**

The parties do not contend that this action will require compliance with procedures of the Manual for Complex Litigation.

H. **Status of Discovery:**

Discovery has not yet commenced.

I. **Discovery Plan:**

The parties' preliminary assessment is that discovery may be required on, but not limited to:

a) The allegations in the complaint and any responsive documents;
b) Evidence of the copyrights allegedly infringed;
c) Defendants response to notice of infringement;
d) Use and display of the infringing image before and after notice;
e) The allegations in the Answer;
f) All affirmative defenses raised in the Answer;
g) Factors related to damages, including but not limited to statutory damages;
h) Profits derived from the defendant's business, web site, and use and display of the infringing image and other images on its site;
i) Identity of the creators of Defendant's commercial website and involvement of any personnel;

j) Information related to visits by others to website (including Defendant's personnel and counsel;)

k) All data related to the subject image, which was and/or is stored on Defendant's servers and/or in Defendant's possession, including but not limited to all data that shows who viewed the image and when through both websites;

l) All allegations of the Complaint;

m) Plaintiff's authorship and/or ownership of the work(s) of art in dispute;

n) Plaintiff's standing to assert copyright infringement;

o) The registration of the copyrights covering the work(s) of art in dispute;

p) All data related to the work(s) of art in dispute including, but not limited to, the date, location, manner, and participation in the creation of the work(s) of art that are in dispute;

q) Plaintiff's allegedly incurred harm or damages, if any; and,

r) Plaintiff's practices related to the authorization of use or licensing of the work(s) of art in dispute.

The parties reserve the right to object to such discovery and to expand the scope of discovery as the case progresses.

At this time, the parties anticipate the possibility of designating experts. Should the parties intend to retain any testifying experts, all mandatory disclosures for such experts, shall be made as follows: at the time as set forth in section "P" below in the chart provided by the Court in the Court's Scheduling Order. Any rebuttal reports must be served within 20 days of service of the original reports.

In compliance with Rule 26(a)(2), expert disclosures will include all information required under Rule 26(a)(2)(A)-(B).

**J. Discovery Cut-off:**

Plaintiff requests a discovery cut-off of April 12, 2016 based upon the trial date of September 6, 2016 per Court order. Defendants' counsel has preset trial conflicts throughout September 2016 and the first week of October 2016 and, thus, requests a discovery cut-off of May 17, 2016, based on a trial date of October 11, 2016.  See section P, below.

### K. Dispositive Motions:

All parties anticipate filing motions for summary judgment. All parties agree that hearings on these motions will be held no later than the times as set forth in section "P" below in the chart provided by the Court in the Court's Scheduling Order. Moving and responding papers will be filed in accordance with L.R. 6.1, 7.9, and 7.10.

### L. Settlement:

Plaintiff's Position:  A monetary demand has been made by Plaintiff accounting for license fees, the length of use and multiplier due the need for deterrence, absence of license, and continuing use even post-suit, but no offer whatsoever has ever been made by Defendants.

Plaintiff agrees to a settlement conference and believes that an early settlement conference would be beneficial.  Plaintiff would be amendable to engage in a settlement conference anytime in January – February 2016 range or thereafter. Defendants have tendered the claim to insurance. The parties select ADR Procedure No. 2 – to mediate via the courts ADR program (neutral panel).

### M. Trial Estimate:

The parties estimate that time for trial will be 4 days. The parties have requested a trial by jury. Parties propose the final pretrial conference and conference as set forth in section "P" below in the chart provided by the Court in

the Court's Scheduling Order. Plaintiff contemplates calling 3-4 number of witnesses.

### N. Trial Counsel:

<u>Plaintiff's</u> trial counsel will be Adam I. Gafni.

<u>Defendant's</u> trial counsel will be Stephen Collins and Kevin Isaacson.

### O. Independent Expert or Master:

The parties do not believe this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53, or an independent scientific expert.

### P. Other Issues:

The parties do not currently know of any other issues affecting the status or management of the case. There are no proposals regarding severance, bifurcation, or other ordering of proof.

### Q. Proposed Schedule of Pretrial And Trial Dates [Pursuant to Court Order]

| Matter | Weeks Before Trial [Per Court Order] | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) days | January 26, 2016 | January 26, 2016 | |
| Fact Discovery Cut-Off | 21 | April 12, 2016 | May 17, 2016 | |

C6B2494E.docx

7

**JOINT STATUS REPORT OF PLAINTIFF AND DEFENDANTS PURSUANT TO RULE 26(f) AND THIS COURT'S ORDER**

| Last Day to File Motions (Except Daubert and all other Motions in Limine) | 19 | April 26, 2016 | May 31, 2016 | |
|---|---|---|---|---|
| Last Day to Serve Rebuttal Expert Reports | 15 | May 24, 2016 | June 28, 2016 | |
| Last Day to Conduct Settlement Proceedings | 12 | June 14, 2016 | July 19, 2016 | |
| Expert Discovery Cut-Off | 11 | June 21, 2016 | July 26, 2016 | |
| Last Day to File Daubert Motions | Expert Discovery Cut-Off Date plus seven (7) days | | | |
| Last Day to File Motions in Limine | Final Pre-Trial Conference Date less | July 19, 2016 | August 19, 2016 | |

C6B2494E.docx 8

**JOINT STATUS REPORT OF PLAINTIFF AND DEFENDANTS PURSUANT TO RULE 26(f) AND THIS COURT'S ORDER**

Case 8:15-cv-00957-JLS-GJS   Document 16   Filed 11/20/15   Page 9 of 10   Page ID #:73

| | | | | |
|---|---|---|---|---|
| (excluding Daubert Motions) | twenty-eight (28) days | | | |
| Final Pre-Trial Conference (Friday at 1:30 p.m.) | 3 | August 16, 2016 | September 16, 2016 | |
| Last Day to File Proposed Finding of Facts and Conclusions of Law (if court trial) | 1 | August 30, 2016 | October 4, 2016 | |
| Exhibit Conference (Friday at 3:30 p.m.) | Friday before trial | September 2, 2016 | October 7, 2016 | |
| Trial: Jury (Tuesday at 9:00 a.m.) | | September 6, 2016 | October 11, 2016 | |

C6B2494E.docx                                   9
**JOINT STATUS REPORT OF PLAINTIFF AND DEFENDANTS PURSUANT TO RULE 26(f) AND THIS COURT'S ORDER**

| | |
|---|---|
| Dated: November 17, 2015 | LAW OFFICES OF ADAM I. GAFNI |
| | By: /s/ Adam I. Gafni |
| | Adam I. Gafni |
| | Attorneys for Plaintiff |
| | Vincent K. Tylor |
| Dated: November 17, 2015 | TINGLEY LAW GROUP, PC |
| | By: /s/ Kevin W. Isaacson |
| | Kevin W. Isaacson |
| | Attorneys for Defendants |
| | DLS Transportation, Inc. |
| | Amerigo Naami |