UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| VINCENT K. TYLOR,<br><br>   Plaintiff,<br><br>v.<br><br>DLS TRANSPORTATION INC., a California Corporation; AMERIGO NAAMI; and DOES 1 through 10,<br><br>   Defendants. | CASE NO. SACV15-00957 JLS (GJSx)<br><br>**PROTECTIVE ORDER** |

WHEREAS, VINCENT KHOURY TYLOR ("Plaintiff") and AMERIGO NAAMI and DLS TRANSPORTATION INC. ("Defendants") contend that this action is likely to involve trade secrets development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted;

After review of the stipulation filed by the parties, the Court hereby notes certain acknowledgements of the parties set for the in the stipulation and orders the following. Note that certain terms of the agreed proposed protective order have been modified or deleted.

The parties acknowledge that this Stipulated Protective Order does not entitle

them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not — without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible. Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

    1.    Except as otherwise expressly defined in this Order, the following definitions apply:

        a)    "Confidential": Information (regardless of how generated, stored, or maintained) or tangible things that constitute trade secrets, proprietary, confidential or competitively sensitive business, commercial, research, development or financial information, that has not been publicly disclosed. As used herein, "trade secrets" is defined as set forth in California Civil Code § 3426.1(d), which states: "'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

    2.    Any documents, material, or information to be designated as "Confidential" shall be so designated by affixing the legend "CONFIDENTIAL" to each page containing any "Confidential" documents, material or information.

        a)    Affixing the legend "CONFIDENTIAL" on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall

designate all pages of the document as "Confidential" unless otherwise indicated by the producing party.

      b)    A party or third party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or third party may designate in writing, within ten (10) business days after receipt of discovery responses or of a deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential." Any other party may object to such proposal, in writing or on the record. If an objection is made, the Parties shall follow the procedures described in Paragraph 12 below. After any designation is made according to the procedure set forth in this Paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 12 below, and counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

      c)    If at any deposition in the action any document, material or information designated as "Confidential" is marked as an exhibit, inquired about or otherwise used, the portion of the deposition transcript that relates to such documents, material or information shall be automatically treated as if it had been so designated under the terms of this Stipulation and Protective Order.

3.    The inadvertent production by any of the undersigned Parties of any "Confidential" document, material or information during discovery in this Action without an appropriate designation, or any other inadvertent production by such party of any document, material or information in discovery in this Action, shall be without prejudice to any claim that such material is "Confidential" or is privileged in any respect or protected from discovery as work product or as trial preparation

1  material, and such party shall not be held to have waived any rights by such
2  inadvertent production. In the event that such production occurs, counsel for the
3  producing party shall redesignate the appropriate level of confidentiality, which
4  shall thereafter apply to such document, material or information subject to the terms
5  of this Stipulation and Protective Order, but the receiving party shall have no
6  liability for any disclosures made prior to such designation. Counsel for the
7  producing party will also re-produce the documents with the appropriate
8  confidentiality designation. In the event that any document that is subject to a
9  claim of privilege or that is protected from discovery as work product or as trial
10 preparation material is inadvertently produced, the party that inadvertently received
11 the document shall return the document together with all copies of the document to
12 counsel for the producing party promptly after it receives a written notice from
13 counsel for the producing party that the document was produced inadvertently.
14     4. The Parties' treatment of designated documents or information in
15 conformity with the indicated designation shall not be an admission or agreement
16 by any party that the designated information, in fact or in law, constitutes or
17 contains any proprietary and/or confidential information of any other party. The
18 designation of documents as confidential shall not affect any party's burden of
19 proof imposed by relevant substantive law.
20     5. All documents and information produced or exchanged in the course
21 of this case shall be used by the party or Parties to whom the information is
22 produced solely for the purpose of this case. This restriction does not apply to
23 documents and/or information that are publicly available.
24     6. Except with the prior written consent of the other Parties, or upon prior
25 order of this Court obtained upon notice to opposing counsel, information
26 designated as "Confidential" shall not be disclosed to any person other than the
27 following person(s):
28         a) counsel for the respective Parties to this litigation, including in-

1  house counsel and co-counsel;

2          b)      employees of such counsel deemed necessary by counsel for the
3  prosecution or defense of this litigation;

4          c)      Plaintiff, Defendants, and any officer or employee of
5  Defendants, to the extent deemed necessary by counsel for the prosecution or
6  defense of this litigation;

7          d)      consultants or expert witnesses retained for the prosecution or
8  defense of this litigation, including without limitation non-technical jury or trial
9  consulting services retained by counsel for a party, and graphics or design services
10 retained by counsel for a party for the purposes of preparing demonstrative or other
11 exhibits for deposition, trial, or other court proceedings in this action, provided that
12 each such person or service shall execute a copy of the Certification attached to this
13 Order before being shown or given any information designated "Confidential."
14 Copies of all Certifications shall be retained by counsel for the party so disclosing
15 the information designated "Confidential" and made available for inspection by
16 opposing counsel during the pendency or after the termination of the action, upon
17 order of the Court for good cause shown;

18         e)      any authors or original recipients, if any, of the information
19 designated "Confidential";

20         f)      the Court, Court personnel, court reporters and videographers
21 (whether in court or at a deposition);

22         g)      any mediator or arbitrator that the Parties engage in this matter
23 or the Court appoints; and

24         h)      Witnesses.  A witness shall sign the Certification before being
25 shown a document designated as "Confidential."  Information designated
26 "Confidential" may be disclosed to a witness who will not sign the Certification
27 only in a deposition at which the party who designated the information is
28 represented or has been given notice that information produced by the party may be

1 used. Witnesses affiliated with a party to this action and nonparty witnesses
2 appearing for deposition pursuant to a subpoena shall be notified of and given a
3 copy of this Stipulation and Order and shall be bound by its terms. At the request
4 of any party, the portion of the deposition transcript involving such information
5 shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses
6 shown information designated "Confidential" shall not be allowed to retain copies.

7       7.    Any persons receiving information designated "Confidential" shall not
8 reveal or discuss such information with any person who is not entitled to receive
9 such information, except as set forth in this Stipulation And Protective Order.

10       8.    If any party desires to submit information designated "Confidential" to
11 the Court for any purpose, that party will comply with Central District of California
12 Local Rule 79-5.

13       9.    Any party may voluntarily disclose to others without restriction any
14 information designated by that party as "Confidential" although a document may
15 lose its confidential status if it is made public.

16       10.    If a party contends that any specific document or information is not
17 entitled to confidential treatment, such party may at any time give written notice to
18 the party who designated the document or information as "Confidential." The
19 Parties shall first try to resolve the dispute in good faith on an informal basis as
20 provided for in Local Rule 37-1. If the dispute cannot be so resolved, the party
21 challenging the designation may apply to the Court for an order determining that
22 the material is not properly designated as "Confidential." ***In doing so, the Parties***
23 ***shall comply with this Court's standing order regarding filing of discovery***
24 ***motions.*** The party who designated the material as "Confidential" shall have the
25 burden of establishing that the document or information is entitled to protection.
26 The material shall be treated as confidential in accordance with its designation
27 while any motion or application concerning its confidential status is pending before
28 the Court. A party shall not be obligated to challenge the propriety of any

confidentiality designation at the time made, and failure to do so shall not preclude a later challenge to the designation or constitute an admission that such designation was proper.

11. Notwithstanding any challenge to the designation of information as "Confidential," all documents shall be treated as such and shall be subject to the provisions of this Stipulation And Protective Order unless and until one of the following occurs:

    a) the party who has designated the information "Confidential" withdraws such designation in writing; or

    b) the Court rules the information should not be designated as "Confidential" under this Stipulation And Protective Order.

12. All provisions of this Order restricting the communication ***by the parties or persons signing an acknowledgment and agreement to be bound*** of information designated "Confidential" shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of information designated "Confidential" shall destroy such documents and any materials incorporating, quoting from, or otherwise incorporating information from such documents, and certify in writing no later than sixty (60) days after conclusion of this action that the destruction has been completed.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

14. Nothing in this Stipulation And Protective Order shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order.

16. Any party receiving a subpoena *duces tecum* or other lawful process or order of any court, administrative body, tribunal or other public authority requiring the production and disclosure of documents, or the disclosure of information designated by another party as confidential and subject to this Order, shall notify the designating party in writing of receipt of the process or order within five (5) business days of the receipt thereof as follows: If the designating party is a Defendants in this action, notice shall be given to: Kevin Isaacson or Stephen Collins, Tingley Law Group PC, 10 Almaden Boulevard, Suite 430, San Jose, California 95113. If the designating party is Plaintiff, notice shall be given to: Adam Gafni, Law Offices of Adam I. Gafni, 2811 Wilshire Boulevard, Suite 780, Santa Monica, California 90403. Information designated as confidential shall not be produced in response to any subpoena or other lawful process until the designating party has had reasonable time to object or take other appropriate steps to protect the information. Notwithstanding the foregoing, nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED.

Dated: March 21, 2016  _____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Vincent K. Tylor v. DLS Transportation, Inc., et al.,* Case No. SACV15-00957 JLS GJS.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

C307CD42.doc — - 10 - — **PROTECTIVE ORDER**
**CASE NO. SACV15-00957 JLS GJS**