CURTIS R. TINGLEY (SBN 112322)
*ctingley@tingleylawgroup.com*
STEPHEN D. COLLINS (SBN 277482)
*scollins@tingleylawgroup.com*
KEVIN W. ISAACSON (SBN 281067)
*kisaacson@tingleylawgroup.com*
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 960
San Jose, California 95113
Telephone:   (408) 283-7000
Facsimile:    (408) 283-7010

Attorneys for Defendant
AMERIGO NAAMI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| VINCENT K. TYLOR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DLS TRANSPORTATION INC., a California Corporation; AMERIGO NAAMI; and DOES 1 through 10,<br><br>　　　　　　Defendants. | CASE NO. SACV15-00957 JLS GJS<br><br>**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE AND FOR SANCTIONS TO DISMISS THE CASE, EXCLUDE TESTIMONY OF VINCENT K. TYLOR OR, ISSUE SANCTIONS AS THE COURT DEEMS APPROPRIATE**<br><br>**Date: September 16, 2016**<br>**Time: 1:30 p.m.**<br>**Courtroom 10A**<br>**Honorable Josephine L. Staton**<br><br>**Trial Date:  October 18, 2016** |

## I. INTRODUCTION

Plaintiff Vincent K. Tylor ("TYLOR") has abused the discovery process in an extreme fashion to avoid having his own deposition taken. Plaintiff must not be permitted to engage in such behavior and escape unscathed. Rather, TYLOR should have his Complaint dismissed with prejudice or be excluded from testifying at trial for his repeated failure to appear at properly-noticed depositions and repeated hollow promises of his willingness to stipulate to allow his deposition to occur. In reality, Plaintiff knowingly failed to appear at properly-noticed depositions, even after stipulating with Defendant and representing to the Court through a joint stipulation that he would appear for his deposition. After failing to appear at properly-scheduled depositions, Plaintiff repeatedly represented to Defendant that he would agree to and stipulate to appear at his deposition. However, it is clear that Plaintiff never intended to appear for his deposition, despite his contrary representations to Defendant and the Court.

Such gross misconduct and abuse of the discovery process calls for sanctions against TYLOR, including the dismissal of his Complaint, or the exclusion of his testimony at trial. TYLOR knowingly, willfully, and calculatedly prevented Defendant from obtaining his testimony at deposition and must not be granted the benefit of that very testimony in support of his claims at trial. Such behavior deprives Defendant of his opportunity to obtain information in preparation for trial such that he may prepare to meet TYLOR's claims and present his defenses. This misconduct has caused and will continue to cause extreme prejudice to Defendant by and must not be permitted. Rather, dismissal of the Complaint or exclusion of TYLOR's testimony from trial is the only fair resolution of TYLOR's gross misconduct in discovery.

## II. FACTS

Defendant began seeking dates for TYLOR's deposition on April 27, 2016, and provided several dates on which Defendant's counsel was available. (Collins

Decl. ¶ 2, Exh. 1 and 2.)  TYLOR's counsel stated that he would speak with his client and provide a date for TYLOR's deposition.  TYLOR's counsel also requested an extension on the deadline to respond to Defendant's written discovery.  (Collins Decl. ¶ 3, Exh. 3.)  Defendant's counsel provided the extension, but also stated that TYLOR's responses were needed not only for the mediation, but also for the deposition of TYLOR.  (Collins Decl. ¶ 4, Exh. 4.)

On May 2, 2016, Defendant's counsel again requested deposition dates for TYLOR.  (Collins Decl. ¶ 5, Exh. 5)  TYLOR's counsel responded that he would "get back to you shortly".  (Collins Decl. ¶ 6, Exh. 6-7.)  By May 4, 2016, Defendant had still not received any response from TYLOR's counsel regarding TYLOR's deposition.  (Collins Decl. ¶ 7, Exh. 8.)  Having received no response to Defendant's repeated queries for deposition dates, Defendant issued a Notice of Deposition for TYLOR's deposition on May 13, 2016.  (Collins Decl. ¶ 8, Exh. 9-10.)  Out of a spirit of cooperation, Defendant agreed to conduct TYLOR's deposition telephonically for TYLOR's convenience (Defendant could have required TYLOR to appear in person to a deposition within the Central District).  (Id.)

TYLOR's counsel indicated that May 13, 2016 would not work and even had the audacity to state that the deposition notice was "not within a reasonable/proper time frame or location".  (Collins Decl. ¶ 9, Exh. 11.)  Defendant's counsel indicated that Defendant's served the notice of deposition because it had received no response to its numerous requests for deposition dates and the parties were closing in on deadlines (the Fact Discovery Cutoff was May 17, 2016).  (Collins Decl. ¶ 10, Exh. 12.)  TYLOR's counsel responded that he thought "May 16 or 17 might work".  (Collins Decl. ¶, 11, Exh. 13.)

On May 10, 2016, TYLOR's counsel confirmed that TYLOR was not available for deposition on May 13, 2016, and indicated that "I now don't know if I can be available on the previously offered days of May 16 or 17".  (Collins Decl.

1  ¶ 12, Exh. 14-15.)

2      Defendant agreed to notice the deposition for May 17, to conduct the
3  deposition by telephone, and requested TYLOR's counsel provide a location near
4  TYLOR's residence for the deposition. (Collins Decl. ¶ 13, Exh. 16.) On May 12,
5  2016, Defendant again requested TYLOR's counsel provide a location near
6  TYLOR's residence for the deposition so that arrangements could be made for a
7  court reporter in Hawaii. (Collins Decl. ¶ 14, Exh. 17.)

8      Despite Defendant's efforts to accommodate TYLOR so that his deposition
9  could go forward, TYLOR reversed his prior statement of availability and could no
10 longer appear on May 17, while erroneously stating that TYLOR had indicated
11 previously that his client was no longer available "as I understand it" on May 17.
12 (Collins Decl. ¶ 15, Exh. 18.) Instead, TYLOR suggested that a stipulation be used
13 to obtain permission from the Court to conduct the deposition after the prescribed
14 discovery cut-off. (Id.) Defendant correctly pointed out that TYLOR's counsel had
15 not affirmatively indicated that TYLOR was not available on May 17, only that he
16 "may not be available". (Collins Decl. ¶ 16, Exh. 19.) Defendant also indicated
17 that arrangements would be made for TYLOR's deposition to occur on May 17 in
18 Kapaa, Hawaii, at 1:00 p.m. (Pacific Time). (Id.) Defendant was willing to
19 accommodate a further change in the date, but only if the Court granted a
20 stipulation to conduct the deposition of TYLOR after the discovery cut-off. (Id.)
21 Defendant served TYLOR an Amended Notice of Deposition on May 12. 2016.
22 (Collins Decl. ¶ 17, Exh. 20-21.) Defendant forwarded exhibits for TYLOR's
23 upcoming deposition. (Collins Decl. ¶ 18, Exh. 22.) On May 16, 2016, Defendant
24 requested confirmation of TYLOR's appearance for his May 17, 2016 deposition.
25 (Collins Decl. ¶ 19, Exh. 23.)

26     TYLOR responded on May 16, 2016, with both (1) a correspondence from
27 TYLOR's counsel and (2) formal written objections to TYLOR's deposition .
28 (Collins Decl. ¶ 20, Exhs. 24-26.) In his correspondence, TYLOR's counsel

1  claimed that "[w]e have informed you on several occasions …that we cannot make
2  this date work…", ignoring the fact that TYLOR never affirmatively stated TYLOR
3  would not be available (TYLOR's counsel always used qualifying language, such
4  as TYLOR "may not be available" or "my client is not available as I understand
5  it.") . (Id.)  TYLOR's counsel also offers additional absurd grounds on not
6  producing his client by stating that Defendant has "presented literally no reason for
7  the need to take my client's deposition in this straight-forward copyright
8  infringement case. (Emphasis TYLOR's counsel)" (Id.)

9  The parties agreed upon and submitted a stipulation to the Court to allow the
10 deposition of TYLOR to occur after the discovery cut-off.  In the stipulation
11 TYLOR expressly agreed that Defendant shall have until June 24, 2016, to conduct
12 the oral telephonic deposition of Plaintiff.  (Collins Decl. ¶ 21 (see Docket No. 28).)

13 While the parties awaited the Court's response, the May 17, 2016 deposition
14 date came and Tylor did not appear for his deposition.  (Collins Decl. ¶ 22.)
15 Defendant made a record of TYLOR's failure to appear for the May 17, 2016
16 deposition.  (Collins Decl. ¶ 22, Exh. 27.)  On May 23, 2016, the Court granted the
17 parties' stipulated request allowing TYLOR's deposition to be taken on or before
18 June 24, 2016.  (Collins Decl. ¶ 23 (see Docket No. 29).)

19 Given the previous difficulty in getting TYLOR to appear, on May 25, 2016,
20 Defendant requested that dates for TYLOR's deposition be provided "ASAP so that
21 [Defendant] can have this [deposition] in place well in advance of the cutoff date".
22 (Collins Decl. ¶ 24, Exh. 28.)  On June 1, 2016, Defendant again requested that
23 TYLOR provide dates for TYLOR's deposition "so we're not doing last minute
24 scheduling".  (Collins Decl. ¶ 25, Exh. 29.)  TYLOR's counsel offered to schedule
25 mediation after TYLOR's deposition. (Collins Decl. ¶ 26, Exh. 30.)  Defendant
26 stated a preference to immediately schedule the deposition. (Collins Decl. ¶ 27,
27 Exh. 31.)
28 On June 6, 2016, TYLOR objected to his deposition once again, suggesting

TINGLEY LAW GROUP
ATTORNEYS AT LAW

EEE1BC44.doc                     - 4 -                     MEMO OF POINTS AND AUTHORITIES
                                                           CASE NO. SACV15-00957 JLS GJS

that it would be a "pointless deposition", and further that the deposition of the named Plaintiff is somehow an attempt "to intentionally drive up fees and costs through discovery tools". (Collins Decl. ¶ 28, Exh. 32.) However, TYLOR once again agreed to "advise as to an agreeable date within the next two (2) business days for the date telephonic deposition". (Id.) Later on June 6, 2016, TYLOR identified June 24, 2016, as the date he would appear for his deposition, the last day of the Court's approved time frame to conduct the deposition. (Collins Decl. ¶ 29, Exh. 33.) Fearing that TYLOR would again change his availability for deposition, Defendant confirmed on June 6, 2016, that the TYLOR deposition would occur on June 24, 2016, at 10:00 a.m., and that an amended notice of deposition would be issued. (Collins Decl. ¶ 30, Exh. 34.)

Defendant noticed TYLOR's deposition for June 24, 2016, and provided information to TYLOR's counsel should he decide to appear telephonically, to which TYLOR's counsel confirmed. (Collins Decl. ¶ 31, Exh. 35-36.) On June 22, 2016, TYLOR's counsel advised Defendant that, pursuant to the Protective Order in this matter (Docket No. 25), TYLOR was designating the entirety of his testimony at the June 24, 2016 deposition as "CONFIDENTIAL". (Collins Decl. ¶ 32, Exh. 37.) Regrettably, on June 22, 2016, at 4:34 p.m., less than 48 hours before the rescheduled deposition and barely four hours after designating the testimony, TYLOR informed Defendant that there was a "family medical emergency". (Collins Decl. ¶ 33, Exh. 38.) TYLOR did not provide any other proposed date for his deposition. (Id.) However, TYLOR did state that the parties "can stipulate to allow the telephonic deposition to be taken within the next 30 days". (Id.)

Within the hour, Defendant once again attempted to accommodate TYLOR's last-minute cancellation, asking TYLOR to set up the deposition. (Collins Decl. ¶ 34, Exh. 39.) Defendant requested that TYLOR prepare the stipulation and again offered Defendant's preference that the deposition occur in advance of the mediation. (Id.) Given the need for the further stipulation was solely coming from

TYLOR, Defendant believed it was more appropriate for TYLOR to create the stipulation identifying the need for a further continuance of the deadline to complete the deposition. (Id.) Defendant also reiterated that the deposition would need to occur prior to the mediation. (Id.) On June 24, 2016, Defendant again contacted TYLOR to inquire about the stipulation TYLOR was to prepare to allow for TYLOR's deposition. (Collins Decl. ¶ 35, Exh. 40.)

Despite TYLOR's agreement to stipulate to a further continuance of the time frame to conduct the deposition, TYLOR ceased responding to Defendant's requests for updates and/or a stipulation. (Collins Decl. ¶ 36.) Defendant had previously communicated that the deposition would need to occur prior to the mediation. (Id.) However, TYLOR's refusal to communicate, provide a stipulation, or any response to Defendant prevented that from occurring. (Id.) As such, at the mediation on July 12, 2016, Defendant again inquired about the stipulation to conduct TYLOR's deposition. TYLOR again reaffirmed that he would stipulate to allow his deposition to be taken. (Id. at ¶ 37.) However, again, following the mediation, TYLOR failed to communicate, provide a stipulation, or provide any response to Defendant's requests for TYLOR's deposition. (Id.)

Finally, at the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference, Defendant asked whether TYLOR would appear at a deposition. TYLOR's counsel firmly stated that TYLOR would not agree to appear for his deposition, believing that the parties were too close to trial and stating that it was Defendant's fault that he was unable to depose TYLOR. (Collins Decl. ¶ 38.) Thus, TYLOR finally confirmed explicitly what had become apparent, TYLOR had engaged in calculated and repeated conduct designed to allow TYLOR to avoid having his deposition taken. (Id.) However, despite TYLOR's difficulties with appearing for his deposition, he was listed as one of only three witnesses in TYLOR's Trial Witness List. (Collins Decl. ¶ 39, Exh. 41.) In fact, TYLOR appears to be his own primary witness based on the number of topics on which he

1  will testify and the anticipated length of his testimony. (Id.) Furthermore, while
2  TYLOR indicated that he would not appear in the Central District for his deposition
3  (nor would he appear telephonically near his residence in Hawaii), he has not
4  indicated in any way that he will not appear in person to testify at trial. (Id.)

5      Defendant stated that it would move *in limine* to preclude TYLOR's
6  testimony at trial due to TYLOR's refusal to make himself available for deposition.
7  (Collins Decl. ¶ 40.) TYLOR's counsel's response was essentially "go ahead".
8  (Id.)

### III. ARGUMENT

#### A. Sanctions Are Appropriate Under FRCP 37(d) for TYLOR's Failure to Appear for His Deposition

Sanctions for failure to appear at one's own deposition are expressly authorized by Rule 37 of the Federal Rules of Civil Procedure ("FRCP") as well as the Court's own inherent powers.

The Federal Rules of Civil Procedure provides that the Court "may, on motion, order sanctions if a party [] fails, after being served with proper notice, to appear for that person's deposition". (FRCP 37 (d)(1).) The sanctions permitted under FRCP 37(d) are "those listed in Rule 37(b)(2)(A)(i)-(vi)", including issue establishment, evidence/issue preclusion, striking pleadings, staying proceedings until the Court's order is obeyed, dismissal of actions, or entering default. (FRCP 37.)

Where a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. (FRCP 37(d); Hilao v. Estate of Marcos, 103 F.3d 762, 764-765 (9th Cir. 1996); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) ("Dismissal is a proper sanction under Rule 37(d) for serious or total failure to respond to discovery even without a prior order").)

Thus, the issue presented here is no whether there was a court order that has been disobeyed by TYLOR, but whether he failed to appear at his deposition.

(FRCP 37(d).) There can be no dispute that TYLOR has failed to appear for his deposition. Defendant asked for deposition dates on multiple occasions, noticed and re-noticed TYLOR's deposition to dates that TYLOR provided. (Collins Decl. ¶¶ 2-36, Exhs. 1-40.) On two occasions, TYLOR "cancelled" his deposition set on a date he had provided. (Id. at ¶¶ 11, 22, 29, 33, Exhs. 13, 27, 33, 38.) On the final cancellation, TYLOR vaguely stated he had a family medical emergency, but failed to provide any date, or even time frame, for when he would appear at his deposition. (Id. at ¶ 33, Exh. 38.) TYLOR further explicitly led Defendant to believe he would agree to appear at his deposition only to change his position and refuse to appear just prior to trial proceedings. (Id. at ¶¶ 33, 37, 38, Exh. 38.) Despite the apparent difficulty in appearing for his own deposition, TYLOR is listed as a witness on his pre-trial disclosure witness list. (. at ¶ 39, Exhs. 41.) There is no room for doubt here that TYLOR failed to appear for his own properly noticed deposition, including on dates he provided. TYLOR's failure to appear makes sanctions under FRCP 37(d) necessary and appropriate.

Should TYLOR attempt to claim that he never "failed" to appear at his deposition merely because Defendant was willing to cooperate and attempt to accommodate his demands to reschedule, such an argument is of no moment. Such an approach has been rejected by the Ninth Circuit: "We reject the suggestion that an unreasonable refusal to be deposed must be met with an unreasonable refusal to reschedule in order to warrant sanctions under Rule 37." (Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th Cir. 1993) (finding that last minute cancellations are to be treated as a failure to appear at a deposition).) Thus, even with Defendant's willingness to accommodate TYLOR's requests to reschedule, TYLOR failed to appear at his deposition and the sanctions provided in FRCP 37 are warranted.

TYLOR cannot avoid the consequences of his failure to appear at his deposition by now offering to appear. Courts have rejected the "last minute tender" of discovery as insufficient to avoid even the sanction of dismissal.

(See G-K Properties v. Redevelopment Agency of San Jose, 577 F.2d 645, 647-48 (9th Cir. 1978); North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986).) Rather, even where a party provides "last minute" discovery, the courts "encourage" sanction orders, including orders of dismissal. (G-K Properties, supra, 577 F.2d at 647-48.) Thus, there can be no dispute that TYLOR has failed to appear at his deposition as properly noticed, including on dates TYLOR provided, that such a failure warrants sanctions, and no last-minute tender of a deposition can ameliorate the harm already caused by TYLOR's failure to appear.

**B.    The Court Has Discretion In Formulating Sanctions to Address TYLOR's Intentional, Calculated and Bad-Faith Misconduct In Discovery**

    1.    <u>Sanction of Dismissal Is Appropriate</u>

The sanction of dismissal of TYLOR's complaint with prejudice is an appropriate remedy in this matter. "Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery [] or in flagrant disregard of those rules [], it is within the discretion of the trial court to dismiss the action." (G-K Properties, supra, 577 F.2d at 647.) In regards to whether TYLOR "has acted willfully or in bad faith in failing to comply with rules of discovery", the Ninth Circuit "has stated that 'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." (Henry, supra , 983 F.2d at 948 (quoting Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985)) (finding that excuses such as "misunderstandings" and being "out of town" do not negate willfulness and bad faith.) Here, there can be no showing that the disobedient conduct, TYLOR's refusal to appear at his deposition, was not beyond his control. (Collins Decl. ¶¶ 2-36, Exhs. 1-40.) Defendant bent over backwards to accommodate TYLOR's every request to modify dates and location for his deposition. TYLOR had every opportunity to comply. (Id.) TYLOR claimed that

he could not appear for his telephonic deposition due to a family medical emergency, yet he was able to participate telephonically in mediation after the claimed family emergency arose. (Id. at ¶¶ 33, 37, Exh. 38.) TYLOR's apparent ability to appear telephonically at the mediation weighs against any claim that TYLOR could not have possibly complied with the requirement to appear at his deposition.

Courts should consider a number of factors prior to dismissal, including "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" (Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Henry, supra, 983 F.2d at 948 (9th Cir. 1993).) It has been further explained that "[t]he first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." (Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).) As to the issue of type of dismissal that is appropriate, it is clear that dismissal with prejudice is also proper where the discovery misconduct has prejudiced the moving party. (G-K Properties, supra, 577 F.2d at 647-648.)

Defendant has been severely prejudiced by TYLOR's evasion of his deposition. It has been established that "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial **or** threaten to interfere with the rightful decision of the case." (Adriana Intl. Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990) (emphasis added).) Here, there is clear prejudice as evidenced by TYLOR's Trial Witness List. (Collins Decl. ¶ 39, Exh. 41.) It is evident that TYLOR is the primary witness, in terms of content and estimated length of testimony. (Id.) TYLOR's outright refusal to appear for his own properly noticed and agreed-upon deposition have prevented Defendant from fully preparing

for trial. How can Defendant be expected to prepare to meet TYLOR's testimony if he has been deprived of the opportunity to obtain it? Rather, as clear from the TYLOR's communications, TYLOR claimed that his deposition was "pointless" and yet his testimony will be the center-point of his case in chief. (See Decl. Collins ¶¶ 20, 28, 39, Exhs. 24-26, 32, 41.) TYLOR's tactic is clearly motivated and calculated to avoid his own deposition and deprive Defendant the opportunity to prepare for trial.

Even if TYLOR claims that dismissal with prejudice is a drastic sanction, that does not make it inappropriate. Again, as explained by the Ninth Circuit:

> Here the court dismissed the plaintiffs' action with prejudice. It acted properly in so doing. We encourage such orders. Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism. Here the appellants' last-minute tender of relevant documents could not cure the problem they had previously created. As the Supreme Court stated in upholding a dismissal for failure to comply with a discovery order, '[although] it might well be that *these* [litigants] would faithfully comply with all future discovery orders entered by the District Court in this case . . . [if the order of dismissal were overturned] other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.'

(G-K Properties, supra, 577 F.2d at 647-648 (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (*per curiam*) (emphasis in original)).) Thus, the Supreme Court has confirmed that deterring not only TYLOR, but other plaintiffs from engaging is such egregious discovery misconduct warrants dismissal of this action with prejudice. (Id.)

It is also appropriate to dismiss a case, even where there is only a single willful violation. (Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1056-1058 (9th Cir. 1998); Sigliano, supra, 642 F.2d at 310 ("Dismissal is a proper sanction under Rule 37(d) for serious or total failure to respond to discovery even without a

prior order").) In particular, dismissal has been found appropriate where the violation includes "dishonesty, not just recalcitrance and delay, regarding production of critical evidence." (Id. at 1056.) Here, TYLOR's failure to appear did not involve mere "recalcitrance and delay", but rather included substantial dishonesty in the form of TYLOR's repeated representations that he would appear for deposition when he clearly had no intent to ever appear. (Collins Decl. ¶¶ 2-36, Exhs. 1-40.) TYLOR's late assertion during preparations for the final pretrial conference that Defendant was "too late" to take TYLOR's deposition demonstrate that all the representations to Defendant and the Court that TYLOR would appear for his deposition were false and intended to mislead and prejudice Defendant. Collins Decl. ¶ 38.) This repeated dishonesty has severely prejudiced Defendant and more than justifies dismissal of the action with prejudice.

As to the issue of a potential lesser sanction, TYLOR's actions confirm that lesser sanctions will be unavailing. TYLOR has had many occasions to appear for his deposition and has repeatedly failed to do so. (Collins Decl. ¶¶ 2-39, Exhs. 1-41.) These failures are compounded by his repeated and hollow representations to Defendant that he would appear for his deposition. (Id.) This collective conduct demonstrates that TYLOR is unwilling to cooperate or appear for his deposition and sanctions less than dismissal will not remedy the prejudice caused by TYLOR's own conduct.

Based on TYLOR's egregious, intentional misconduct described above, the sanction of dismissal with prejudice is appropriate in this case. As such, Defendant respectfully requests that the Court dismiss this action, in its entirety, with prejudice.

    2. <u>Sanctions of Issue Establishment And/Or Evidence Exclusion Are Appropriate Should Dismissal Not Be Granted</u>

Should the Court deem dismissal with prejudice is not warranted, the sanctions of issue establishment and/or evidence exclusion are appropriate. As a

general matter, the five factors from <u>Anheuser-Busch</u> above need not be considered before the court imposes a Rule 37(d) sanction short of dismissal. (See <u>Stewart v. Wachowski</u>, 2005 U.S. Dist. LEXIS 46704 (C.D. Cal. June 13, 2005) (citing <u>Caesars World, Inc. v. Milanian</u>, 126 Fed. Appx. 775, 777-778, 2005 WL 221893 at * 2 (9th Cir. 2005) ("affirming the district court's decision to preclude plaintiff from testifying at trial as a sanction for failing to appear for deposition, and noting that '[t]he circumstances involved here were not tantamount to dismissal; therefore, the heightened analysis used in <u>Malone v. United States Postal Service</u>, 833 F.2d 128 (9th Cir. 1987)] is not required.'")

TYLOR has listed the issues on which he will be the sole and/or primary witness at trial. (Decl. Collins ¶ 39, Exh. 41.) The issues which TYLOR has identified for his testimony include: "the copyrighted material in dispute[,] the infringements thereof by Defendant[,] the registration and supplemental registration of the copyright material, communications with the Copyright Office regarding the registration, the infringing activity, the notices of infringement given to Defendant, the continued availability of the copyrighted material online, communications between Defendant and Vincent Khoury Tylor (or his agents) with respect thereto, [,] the responses of Defendant to Vincent Khoury Tylor's notices of copyright infringement[,] the issues of damages[,] and his past licensing history." (<u>Id</u>.) As TYLOR has deprived Defendant of the opportunity to obtain his deposition testimony on all of these topics, Defendant requests that the Court find each of these issues established against TYLOR, including lack of any copyrighted material, absence of infringement, absence of registration, lack of any notice of infringement to or communication with Defendant, and absence of any damages. As TYLOR would be the primary witness on these issues, the sanction of issue determination on these issues in favor of Defendant is appropriate.

Alternative to establishing all these issues against TYLOR's, TYLOR's failure to appear for his deposition justifies at least the exclusion of his testimony

from trial. Excluding a party from testifying as a result of the party's failure to appear at deposition has been found to be an appropriate sanction under FRCP 37. (See, e.g. <u>Stewart v. Wachowski</u>, 2005 U.S. Dist. LEXIS 46704 (C.D. Cal. June 13, 2005).) The prejudice TYLOR has caused Defendant includes the denial of a proper opportunity to prepare for TYLOR's testimony and cross-examination at trial. (Decl. Collins ¶ 44.) Allowing Tylor to testify would grant TYLOR an improper and unfair advantage gained from his own willful violations of the rules of discovery. (Id.) Such reward for bad behavior cannot be permitted. This sanction would not result in a de facto dismissal of TYLOR's action, but would allow TYLOR the opportunity to present any other admissible evidence not excluded. (<u>Stewart v. Wachowski</u>, 2005 U.S. Dist. LEXIS 46704 (C.D. Cal. June 13, 2005)

As such, Defendant requests that should the Court not deem dismissal and issue establishment sanctions appropriate, that TYLOR be precluded from testifying at trial as a result of his repeated failures to appear at deposition and misleading representations to Defendant, and the Court, of his willingness to appear for deposition. Finally, should the Court not deem any of the above sanctions appropriate, Defendant requests that the Court issue such sanctions under FRCP 37 that it deems appropriate in connection with TYLOR's willful, calculated, and egregious misconduct in not appearing for his deposition and making misleading, hollow representations to Defendant and the Court that he would appear for his deposition.

C. **Sanctions Under the Court's Inherent Powers Are Appropriate**

Should TYLOR attempt to claim that sanctions are somehow not available under FRCP 37, that does not end the analysis. Rather, courts have found that discovery-related sanctions, even when not permitted under FRCP 37, can still be properly issued under the Court's inherent powers. (See, e.g., <u>Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.</u>, 982 F.2d 363, 368 (9th Cir. 1992).)

Specifically, "Courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).) Furthermore, the Ninth Circuit "has recognized as part of a district court's inherent powers the 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power . . . to exclude testimony of witnesses whose use at trial . . . would unfairly prejudice an opposing party.'" (Id. at 368. (quoting Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980) (citations omitted)).) Here, TYLOR's refusal to appear for deposition, while being his own primary trial witness, "would unfairly prejudice" Defendant as Defendant has been deprived of the opportunity to fully prepare for trial and to present his defenses to TYLOR's claims. (Decl. Collins ¶¶ 2-44, Exhs. 1-41.) Thus, it is squarely in this Court's inherent power to exclude TYLOR's testimony from trial.

## IV. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss the action, in its entirety, with prejudice. In the alternative, Defendant respectfully requests that the Court issue sanctions against TYLOR finding the issues described above established against TYLOR and/or excluding TYLOR as a witness at trial. Finally, should the Court not deem any of the above sanctions appropriate, Defendant requests that the Court issue such sanctions under FRCP 37 and/or its inherent powers that it deems appropriate in connection with TYLOR's willful, calculated, and egregious misconduct in not appearing for his deposition

/ / /

/ / /

/ / /

/ / /

1 and making misleading, hollow representations to Defendant and the Court that he
2 would appear for his deposition.
3 Dated: August 19, 2016          TINGLEY LAW GROUP, PC

By: /s/ Stephen D. Collins
    STEPHEN D. COLLINS
    Attorneys for Defendant

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1
II. FACTS .................................................................................................................. 1
III. ARGUMENT ....................................................................................................... 7
    A. Sanctions Are Appropriate Under FRCP 37(d) for TYLOR's Failure to Appear for His Deposition .................................................... 7
    B. The Court Has Discretion In Formulating Sanctions to Address TYLOR's Intentional, Calculated and Bad-Faith Misconduct In Discovery ................................................................................................. 9
        1. Sanction of Dismissal Is Appropriate ......................................... 9
        2. Sanctions of Issue Establishment And/Or Evidence Exclusion Are Appropriate Should Dismissal Not Be Granted ..................................................................................... 12
    C. Sanctions Under the Court's Inherent Powers Are Appropriate ........ 14
IV. CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

Adriana Intl. Corp. v. Lewis & Co.
913 F.2d 1406 (9th Cir. 1990).................................................................................10

Anheuser-Busch, Inc. v. Natural Beverages Distribs.
69 F.3d 337 (9th Cir. 1996)..............................................................................10, 13

Caesars World, Inc. v. Milanian
126 Fed. Appx. 775 2005 WL 221893 (9th Cir. 2005)...........................................13

Campabell Indus. v. M/V Gemini
619 F.2d 24 (9th Cir. 1980)....................................................................................15

Chambers v. NASCO, Inc.
501 U.S. 32 (1991) .................................................................................................15

Fjelstad v. American Honda Motor Co.
762 F.2d 1334 (9th Cir. 1985)..................................................................................9

G-K Properties v. Redevelopment Agency of San Jose
577 F.2d 645 (9th Cir. 1978).......................................................................9, 10, 11

Henry v. Gill Industries, Inc.
983 F.2d 943 (9th Cir.1993)..........................................................................8, 9, 10

Hilao v. Estate of Marcos
103 F.3d 762 (9th Cir. 1996)....................................................................................7

Malone v. United States Postal Service
833 F.2d 128 (9th Cir. 1987)..................................................................................13

National Hockey League v. Metropolitan Hockey Club, Inc.
427 U.S. 639 (1976) ...............................................................................................11

North Am. Watch Corp. v. Princess Ermine Jewels
786 F.2d 1447 (9th Cir. 1986)..................................................................................9

Sigliano v. Mendoza
642 F.2d 309 (9th Cir. 1981)...............................................................................7, 11

Stewart v.Wachowski
2005 U.S. Dist. LEXIS 46704 (C.D. Cal. June 13, 2005) ...............................13, 14

Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.
982 F.2d 363 (9th Cir. 1992).............................................................................14, 15

Valley Eng'rs v. Electric Eng'g Co.
158 F.2d 1051 (9th Cir. 1998).........................................................................11, 12

# TABLE OF AUTHORITIES
## (continued)

**Page**

Wanderer v. Johnston
910 F.2d 652 (9th Cir. 1990) .................................................................................. 10

**FEDERAL STATUTES**

FRCP 37 .................................................................................................... 7, 8, 14, 15

FRCP 37(b)(2)(A)(i)-(vi) ............................................................................................ 7

FRCP 37(d) ............................................................................................................ 7, 11

FRCP 37(d)(1) ............................................................................................................ 7