CURTIS R. TINGLEY (SBN 112322)
*ctingley@tingleylawgroup.com*
STEPHEN D. COLLINS (SBN 277482)
*scollins@tingleylawgroup.com*
KEVIN W. ISAACSON (SBN 281067)
*kisaacson@tingleylawgroup.com*
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 960
San Jose, California 95113
Telephone:  (408) 283-7000
Facsimile:   (408) 283-7010

Attorneys for Defendant
AMERIGO NAAMI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| VINCENT K. TYLOR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DLS TRANSPORTATION INC., a California Corporation; AMERIGO NAAMI; and DOES 1 through 10,<br><br>　　　　　Defendants. | CASE NO. SACV15-00957 JLS GJS<br><br>**DECLARATION OF STEPHEN D. COLLINS IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE AND FOR SANCTIONS TO DISMISS THE CASE, EXCLUDE TESTIMONY OF VINCENT K. TYLOR, OR ISSUE SANCTIONS AS THE COURT DEEMS APPROPRIATE**<br><br>**Date: September 16, 2016**<br>**Time: 1:30 p.m.**<br>**Courtroom 10A**<br>**Honorable Josephine L. Staton**<br><br>**Trial Date:  October 18, 2016** |

I, Stephen Collins, declare:

1.　　I am an attorney duly licensed to practice law in the State of California and am admitted to practice in the Central District of California.  I am an attorney with the law firm of Tingley Law Group, PC, and represent Defendant, Amerigo Naami, in this matter.  I have personal knowledge of the facts stated in this

Declaration and, if called as a witness, I could and would competently testify to their truth.

2. Attached as Exhibit Nos. 1 and 2 are true and correct copies of email correspondences from Stephen Collins dated April 27, 2016.

3. Attached as Exhibit No. 3 is a true and correct copy of an email correspondence from Adam Gafni dated April 28, 2016.

4. Attached as Exhibit No. 4 is a true and correct copy of an email correspondence from Stephen Collins dated April 28, 2016.

5. Attached as Exhibit No. 5 is a true and correct copy of an email correspondence from Stephen Collins dated May 2, 2016.

6. Attached as Exhibit Nos. 6 and 7 are true and correct copies of email correspondences from Adam Gafni dated May 2, 2016.

7. Attached as Exhibit No. 8 is a true and correct copy of an email correspondence from Stephen Collins dated May 4, 2016.

8. Attached as Exhibit No. 9 is a true and correct copy of an email correspondence from my office dated May 4, 2016. Also attached, as Exhibit 10, is true and correct copy of Defendant's Notice of Deposition of TYLOR for May 13, 2016, which was an attachment to the email. Out of a spirit of cooperation, Defendant agreed to conduct TYLOR's deposition telephonically for TYLOR's convenience (Defendant could have required TYLOR to appear in person to a deposition within the Central District).

9. Attached as Exhibit No. 11 is a true and correct copy of an email correspondence from Adam Gafni dated May 4, 2016.

10. Attached as Exhibit No. 12 is a true and correct copy of an email correspondence from Stephen Collins dated May 4, 2016.

11. Attached as Exhibit No. 13 is a true and correct copy of an email correspondence from Adam Gafni dated May 4, 2016.

12. Attached as Exhibit No. 14 is a true and correct copy of an email

correspondence from Adam Gafni dated May 10, 2016.  Attached as Exhibit 15 is a true and correct copy of Plaintiff's Objections to Defendant's Notice of Deposition of TYLOR.

13. Attached as Exhibit No. 16 is a true and correct copy of an email correspondence from Stephen Collins dated May 11, 2016.

14. Attached as Exhibit No. 17 is a true and correct copy of an email correspondence from Stephen Collins dated May 12, 2016.

15. Attached as Exhibit No. 18 is a true and correct copy of an email correspondence from Adam Gafni dated May 12, 2016.

16. Attached as Exhibit No. 19 is a true and correct copy of an email correspondence from Stephen Collins dated May 12, 2016.

17. Attached as Exhibit No. 20 is a true and correct copy of an email correspondence from my office dated May 12, 2016.  Also attached as Exhibit 21 is a true and correct copy of Defendant's Amended Notice of Deposition of TYLOR for May 17, 2016, which was an attachment to this email.

18. Attached as Exhibit No. 22 is a true and correct copy of an email correspondence from Stephen Collins dated May 13, 2016.

19. Attached as Exhibit No. 23 is a true and correct copy of an email correspondence from Stephen Collins dated May 16, 2016.

20. Attached as Exhibit No. 24 is a true and correct copy of an email correspondence from Mellissa Wilson dated May 16, 2016.  Attached as Exhibit No. 25 is a true and correct copy of correspondence from Adam Gafni dated May 16, 2016.  Also, attached as Exhibit No. 26 is a true and correct copy of Plaintiff's Objections to Defendant's Amended Notice of Deposition of TYLOR.

21. The parties agreed upon and submitted a stipulation to the Court to allow the deposition of TYLOR to occur after the Discovery Cut-Off.  In the stipulation TYLOR expressly agreed that Defendant shall have until June 24, 2016 to conduct the oral telephonic deposition of Plaintiff.  (Dkt. No. 28)

22. While the parties awaited the Court's response, the May 17, 2016 deposition date came and TYLOR did not appear for his deposition. Defendant made a record of TYLOR's failure to appear for the May 17, 2016 deposition. Attached as Exhibit No. 27 is a certified copy of the deposition transcript for May 17, 2016 at which I appeared telephonically.

23. On May 23, 2016, the Court granted the parties' stipulated request allowing TYLOR's deposition to be taken on or before June 24, 2016. (Dkt. No. 29)

24. Attached as Exhibit No. 28 is a true and correct copy of an email correspondence from Stephen Collins dated May 25, 2016.

25. Attached as Exhibit No. 29 is a true and correct copy of an email correspondence from Stephen Collins dated June 1, 2016.

26. Attached as Exhibit No. 30 is a true and correct copy of an email correspondence from Adam Gafni dated June 1, 2016.

27. Attached as Exhibit No. 31 is a true and correct copy of an email correspondence from Stephen Collins dated June 1, 2016.

28. Attached as Exhibit No. 32 is a true and correct copy of an email correspondence from Adam Gafni dated June 6, 2016.

29. Attached as Exhibit No. 33 is a true and correct copy of an email correspondence from Adam Gafni dated June 6, 2016.

30. Attached as Exhibit No. 34 is a true and correct copy of an email correspondence from Stephen Collins dated June 6, 2016.

31. Attached as Exhibit No. 35 is a true and correct copy of an email correspondence from my office dated June 10, 2016. Also attached as Exhibit No. 36 is a true and correct copy of an email correspondence from Adam Gafni dated June 10, 2016.

32. Attached as Exhibit No. 37 is a true and correct copy of an email correspondence from Adam Gafni dated June 22, 2016.

33. Attached as Exhibit No. 38 is a true and correct copy of an email correspondence from Adam Gafni dated June 22, 2016.

34. Attached as Exhibit No. 39 is a true and correct copy of an email correspondence from Stephen Collins dated June 22, 2016.

35. Attached as Exhibit No. 40 is a true and correct copy of an email correspondence from Stephen Collins dated June 24, 2016.

36. Despite TYLOR's agreement to stipulate to a further continuance of the timeframe to conduct the deposition, TYLOR ceased responding to Defendant's requests for updates and/or a stipulation. Defendant had previously communicated that the deposition would need to occur prior to the mediation. However, TYLOR's refusal to communicate, provide a stipulation, or any response to Defendant prevented that from occurring.

37. As such, at the mediation on July 12, 2016, in which TYLOR participated telephonically, Defendant again inquired about the stipulation to conduct TYLOR's deposition. TYLOR again reaffirmed that he would stipulate to allow his deposition to be taken. However, following the mediation, again, TYLOR failed to communicate, provide a stipulation, or provide any response to Defendant's requests for TYLOR's deposition.

38. Finally, at the Local Rule 16-2 Meeting of Counsel Before Final Pretrial Conference, I asked whether TYLOR would appear at a deposition. TYLOR's counsel firmly stated that TYLOR would not agree to appear for his deposition, believing that the parties were too close to trial and stating that it was Defendant's fault that it was unable to depose TYLOR. Thus, TYLOR finally confirmed explicitly what had become apparent: TYLOR had engaged in calculated and repeated conduct designed to allow TYLOR to avoid having his deposition taken.

39. However, despite TYLOR's difficulties with appearing for his deposition, he was listed as one of only three witnesses in TYLOR's Trial Witness

List. Attached as Exhibit No. 41 hereto is a true and correct copy of Plaintiff's Trial Witness List [L.R. 16-5] dated August 9, 2016. In fact, TYLOR appears to be his own primary witness based on the number of topics on which he will testify and the anticipated length of his testimony. Furthermore, while TYLOR indicated that he would not appear in the Central District for his deposition (nor would he appear telephonically near his residence in Hawaii), he has not indicated in any way that he will not appear in person to testify at trial.

40. I stated to TYLOR's counsel that Defendant would move *in limine* to preclude TYLOR's testimony at trial due to TYLOR's refusal to make himself available for a deposition. TYLOR's counsel's response was essentially "go ahead".

41. As such, I met and conferred with TYLOR's counsel regarding the present Motion. I explained that Defendant would seek sanctions and the exclusion of TYLOR's testimony at trial as a result of his knowing and willful failure to appear for his own deposition.

42. I certify, pursuant to FRCP 37(d)(1)(B), that I, in good faith, conferred with TYLOR's counsel in an effort to obtain his agreement to be deposed without Court action. However, such efforts were not only unsuccessful, but TYLOR's counsel went so far as to suggest that, in spite of his repeated representations that TYLOR would appear for his deposition with Defendant's accommodations, and Defendant's reliance on same, Defendant was "out of time" to receive any relief from the Court.

43. However, it is now clear that TYLOR was intentionally misleading Defendant to believe that he would appear to avoid a motion prior to the present time.

44. The prejudice TYLOR has caused Defendant includes the denial of a proper opportunity to prepare for TYLOR's testimony and cross-examination at trial.

1 I declare under penalty of perjury under the laws of the United States of
2 America and the State of California that the foregoing is true and correct.
3 Executed on August 19, 2016, at San Jose, California.

_____ /s/ Stephen D. Collins_____
Stephen D. Collins